UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Operating Engineers Local 324 Health Care
Plan, et al.,                                                Case No. 10-11256

       Plaintiffs,                                        Honorable Nancy G. Edmunds

v.

Dalessandro Contracting Group, LLC,

       Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION
FOR SUMMARY JUDGMENT [54]**

Before the Court is Plaintiffs' third motion for summary judgment on their Labor-Management Relations Act, 29 U.S.C. § 186 et seq., and Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., failure to pay fringe benefit contributions claim against Defendant.  (Dkt. 54.)  Having reviewed the pleadings, the Court finds that a hearing is unnecessary and dispenses with one pursuant to Eastern District of Michigan 7.1(f)(2).  Defendant raises two issues in response to Plaintiffs' third motion.  Defendant first argues that Plaintiffs' audit is overstated by 37.5 hours.  Plaintiffs concede this overstatement and correct it in their reply and award request.  This overstatement issue is therefore resolved.  Defendant then argues that Plaintiffs are not entitled to all of the audit expenses and attorneys' fees and costs that they request.  The Court finds that, given the history of this case and the multiple corrections of audits and therefore related motions for summary judgment, that a slight reduction in audit costs and attorneys' fees is necessary to make the audit and attorneys' fees award reasonable.  The Court therefore GRANTS in

PART and DENIES in PART Plaintiffs' motion for summary judgment, resolving all the outstanding claims in this suit.

## I.    Facts

Defendant Dalessandro Contracting Group, LLC and Plaintiffs entered into a Collective Bargaining Agreement ("CBA") that required Defendant to pay fringe benefit contributions to Plaintiffs based on actual hours worked by employees.  (Dkt. 51, Pls.' Renewed Mot. Summ. J. at 2.)  During January, 2008 through December, 2010 ("the audit period") many of Defendant's employees worked in excess of 40 hours per week and were paid overtime wages.  (*Id.*, Wayne B. Kless 2d Aff. ¶ 9.)  For certain time periods, however, Defendant paid some employees for 40 hours of work per week, regardless of their actual hours.  (*Id.* at 2.)

On March 12, 2012, the Court denied without prejudice Plaintiffs' second motion for summary judgment.  (Dkt. 50, March 12 Order.)  The Court held that Plaintiffs were "entitled to delinquent payments from Defendant, but [Plaintiffs] have not submitted an audit reflecting an accurate amount due."  (March 12 Order at 15.)  The Court ordered Plaintiffs to file a third motion for summary judgment with a corrected audit, reflecting the Court's March 12 Order.  (*Id.*)

On August 15, 2012, Plaintiffs filed their third motion.  (Dkt. 54.)  In that motion, they requested that the Court award the following monetary amounts:

- $37,508.82, representing $46,296.01 in unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(A), less a payment of $8,787.19;

- $7,161.52 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B);

2

- $7,161.52 in damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

- $42,586.87 in late payment assessments pursuant to Plaintiffs' plan documents,

- $8,987.75 in audit costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents;

- $31,902.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D); and

- any and all other relief (equitable and injunctive) to which they may be entitled.

(Pls.' 3d Mot. for Summ. J. at 2-3.)

Defendant filed a response, challenging some of Plaintiffs' calculations in their July 27, 2012 audit. (Dkt. 58, Def.'s Resp.) Defendant also challenges Plaintiffs' request for audit expenses and attorneys' fees that encompass the entire litigation. (Defs.' Resp. at 1.)

## II.   Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

3

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to properly support or address a fact:

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party."  *Hager v. Pike Cnty. Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

## III.   Analysis

### A. Plaintiffs have conceded the calculation issue, summary judgment is therefore appropriate on the amounts owing

Defendant argues that Plaintiffs have not properly accounted for Mr. Letts's vacation time in March and April, 2008 and therefore have over-requested fringe contributions in connection with Mr. Letts.  (Defs.' Resp. at 4.)   Defendant states that Plaintiffs have improperly requested 24 hours in March, 2008 and 13.5 hours  in April, 2008.  (*Id.* at 5-6.) Defendant argues that this improper calculation taints Plaintiffs' audit, including Plaintiffs' liquidated damages request.  (*Id.* at 7.)

Plaintiffs concede the Mr. Letts calculation issue, have reduced their request by a total of 37.5 hours, and have submitted a new audit and a new interest calculation.  (Pls.' Reply at 1-2.)  Plaintiffs therefore argue that there are no more issues of fact relating to this portion of their motion for summary judgment.  (*Id.* at 2.)

The Court agrees.  The only issue with respect to the calculations that Defendant has raised has been resolved.  Summary judgment is therefore appropriate on this aspect of Plaintiffs' motion.

The Court therefore awards Plaintiffs:

- $36,697.72, representing $45,484.91 in unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(A), less a payment of $8,787.19;

- $6,929.38 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B);

- $6,929.38 in damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

- $42,586.87 in late payment assessments pursuant to Plaintiffs' plan documents.

**B. The Court awards the majority of Plaintiffs' attorneys' fees and costs and audit fees, but also finds that reducing attorneys' fees and audit fees by a fraction is appropriate**

Plaintiffs request $8,987.75 in audit costs and $31,902.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents.[1] (Pls.' Reply at 5.)

ERISA provides for an award of "reasonable attorney's fees and costs of the action, to be paid by the defendant [and] such other legal or equitable relief as the court deems appropriate" if a court awards a judgment in favor of the plan. 29 U.S.C. § 1132(g)(2)(D) and (E). To determine whether an attorneys' fees award is reasonable, courts use the lodestar approach and multiply a reasonable hourly rate by the number of hours reasonably expended on the litigation. *Iron Workers' Local No. 25 Pension Fund v. MCS Gen. Contractors, Inc.*, 229 F.3d 1152, at *8 (6th Cir. 2000) (Table). "While the product of this formula is generally presumed to be reasonable . . . the court may adjust it downward in compelling circumstances." *Id.* (citation omitted). An award of audit fees is also proper under ERISA's statutory scheme and the collective bargaining agreement. *See Local Union No. 33 Trustees of the Sheet Metal Workers' Akron District Pension Fund v. MAP Heating & Cooling, LLC*, 08-2954, 2010 WL 1995654 (N.D.Ohio May 19, 2010) (Lioi, J.) (citing cases for the proposition and stating that "courts routinely hold that audit costs are recoverable under [§ 1132(g)(2.]") (and awarding $1,900.00 in audit fees.) (citations omitted). Courts have also imposed a "reasonable" analysis on audit costs. *See Trustees*

---

[1]The Collection Policy, which the auditor has attached as an exhibit, shows that Defendant is to pay "all actual expenses incurred by [Plaintiffs,] including auditor, expert witness and attorney's fees, copying costs, filing fees and deposition costs." (Dkt. 60, Kless Aff. in Support of 3d Mot. for Summ. J., Ex. B, Collection Policy.)

6

*of the Chicago Plastering Institute Pension Trust v. Cork Plastering Co.*, 570 F.3d 890 (7th Cir. 2009) (finding that, in an award analysis, a court should award "reasonable" audit costs and that the plaintiffs bore the burden of showing that the costs were reasonable.).[2]

Defendant argues that Plaintiffs' requested audit costs, and costs and attorneys' fees are not reasonable, as 29 U.S.C. § 1132(g)(2)(D) requires.  (Def.'s Resp. at 7.)  Defendant states that Plaintiffs have prepared eight different audits.  Defendant maintains that it "should not be punished by having to pay for all of the various drafts of [Plaintiffs' audit.]" (*Id.* at 8.)   Defendant explains that it should not pay for the audits because it was successful in several of its issues before the Court and has succeeded in reducing the amounts owed to Plaintiffs by over $50,000.00.  (*Id.*)   Requiring such a payment for incorrect audits, Defendant argues, would be unreasonable.  (*Id.*)  Defendant extends that argument to Plaintiffs' request for attorneys' fees and costs–arguing that their request is unreasonable given their improper audits and requests.  (*Id.* at 8-9.)

---

[2]In imposing the reasonableness analysis on audit costs, the Seventh Circuit stated: "An auditor, like an attorney, is a professional whose time is valued, to a great extent, by his experience and credentials.  As is also true of an attorney's work, the reasonableness of the time an auditor has devoted to his client's cause depends on both the particular tasks he performed and the time he expended on those tasks.  We can think of no reason why the work of lawyers and auditors is so different that the reasonableness of their fees must be judged by different standards."  *Cork Plastering Co.*, 570 F.3d at 905.  The Seventh Circuit continued, "it is entirely reasonable for a court asked to compensate a party for the audit costs it has incurred to demand information about the credentials and billing rates of the auditors, along with itemization of the time they devoted to the case.  This information enables the court to both assess the overall reasonableness of the compensation requested and, if the court believes the total fees were too high, to have a reliable basis for reducing the fee award by denying compensation for time that was not well spent or reducing compensation for time that was billed at rates."  *Id.*

But beyond arguing that the number of audits and therefore the attorney hours related to those audits were unreasonable, Defendant does not argue that the rates of the auditors or attorneys were unreasonable.

Plaintiffs argues that Defendant has not cited any legal authority in support of its argument that the Court should reduce the damages claimed.  (Pls.' Reply at 3.)   Plaintiffs also argue that the fact that they did not recover the full amount that they initially sought does not necessitate a reduction in the attorneys' fees award.

The Court agrees with Plaintiffs that the fact that they are entitled to less than they originally requested does not automatically require a proportional reduction in attorneys' fees and costs.  *See Laborers Pension Trust Fund Detroit & Vicinity v. Waller*, 03-71340, 2005 WL 1363920 (E.D.Mich. June 1, 2005) (Duggan, J.) (quoting *Building Serv. Local 17 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995), "in ERISA cases, there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages.").  But the Court does find that a slight reduction in the audit and attorneys' fees is necessary.  Here, Plaintiffs performed eight audits and drafted several motions for summary judgment using the various audits.  While the Court does not believe that these audits and corresponding motions were performed to raise fees, the Court does find that the number of audits and a handful of the hours related to multiple motions could have been avoided.  *See National Elec. Benefit Fund v. Rabey Elec. Co., Inc.*, 11-00184, 2012 WL 3854932, at *7 (D.Md. Sept. 4, 2012) (finding that the plaintiff was not "spinning its wheel" in revising the audit figures on multiple occasions" and that the court found "no reason to reduce the award for

8

audit costs solely because the party conducting the audit made downward adjustments as new facts came to light." The court awarded the full costs of the audits.). For example, the Court noted in its March 12 Order that one of Plaintiffs' audits incorrectly found Defendant owing for nine months of work that Mr. Letts and Mr. Ray did not perform in Michigan, a condition for which the collective bargaining agreement expressly absolves Defendant from paying fringe benefit contributions. (March 12 Order at 9, 14.) The Court also found that Plaintiffs' and their auditor used an incorrect definition in calculating overtime, although the CBA's wording was "clear and unambiguous." (*Id.* at 13.) The Court further stated that "Plaintiffs give no explanation for why they refused to stipulate that Ray worked outside of Michigan and offered no evidence to refute Defendant's assertion or the evidence showing Ray was working in Baltimore." (*Id.*) Given the Court's March 12 Order and findings that Plaintiffs and their auditor offered calculations that did not reasonably agree with the CBA, the Court finds a reduction of auditor fees and attorneys' fees necessary to make the fees and costs award reasonable.

The Court therefore reduces the auditor fees award by $2000.00.[3] The Court finds that roughly a quarter of the audits were unnecessary. The Court, having reviewed Plaintiffs' fee schedule and noting the hours related to the various audits and corresponding motions, reduces the attorneys' fees award by $4000.00, which is 25 hours at a rate of $160/hour, which is roughly the average billing rate of Plaintiffs' attorneys.[4]

---

[3]Kless states that "[t]he cost of performing this audit was $8,987.75. This amount consists of $938.00 from June through December of 2009, $1,428.00 from 2010, $6,108.75 from 2011, and $513.00 from January through July of 2012." (Dkt. 60, Kless Aff. ¶ 23.)

[4]For example, Ms. Calati's hours spent from April 15 to April 21, 2011: Ms. Calati spent 19.9 hours discussing audit results, Defendant's response, Mr. Letts's hours. Ms. Calati,

The Court awards:

- $6,987.75 in audit costs pursuant to 29 U.S.C. § 1132(g)(2)(C); and

- $27,902.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents.

## IV.  Conclusion

For the above-stated reasons, the Court grants in part and denies in part Plaintiffs' motion for summary judgment.  The Court awards Plaintiffs the following amounts:

- $36,697.72, representing $45,484.91 in unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(A), less a payment of $8,787.19;

- $6,929.38 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B);

- $6,929.38 in damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

- $42,586.87 in late payment assessments pursuant to Plaintiffs' plan documents;

---

from December 7 to December 9 spent 10.5 hours drafting the auditor affidavit, and revising the motion for summary judgment.  Ms. Calati spent another 5.2 hour on February 28 and 29, 2012 on reviewing and revising the auditor's affidavit and preparing for the motion hearing.  The Court points out these hours, exclusive of the hours spent by Mr. Shoup, the primary drafter of the last two motions for summary judgment, to show how much time Plaintiffs spent on revising the audits and drafting the motions using the audits' information.  The Court is not questioning Plaintiffs' counsel strategy or finding that Plaintiffs' counsel did not act in good faith, but the Court does find that the  number of audits and hours spent relying on those audits was somewhat unreasonable.  *See West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 657 F.Supp.2d 914 (S.D.Ohio 2009) (stating, "[i]n determining the reasonableness of the hours spent, the [c]ourt should not engage in a post hoc critique of strategic decisions that [counsel] may have made in good faith during the course of the case.") (and quoting that "litigation is not an exact science," and stating that "the determinative issues is whether the task was reasonable in view of the ultimate goal of the case.") (citation omitted).

10

- $6,987.75 in audit costs pursuant to 29 U.S.C. § 1132(g)(2)(C); and

- $27,902.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents.

So ordered.

s/Nancy G. Edmunds

Nancy G. Edmunds
United States District Judge

Dated: October 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer

Case Manager

11